IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Shuffle Tech International LLC,

        Plaintiff,

v.

Wolff Gaming, Inc.,

        Defendant.

---

Wolff Gaming, Inc.,

        Counter-Plaintiff

v.

Shuffle Tech International LLC, and Richard J. Schultz,

        Counter-Defendants.

No. 11 C 7358

## ORDER

Defendant Wolff Gaming's motion to amend the final judgment is amended to specify that Shuffle Tech must pay defendant $124,940 within fifteen days.

## STATEMENT

    As I have previously noted, Shuffle Tech filed this action to obtain, among other relief, "a judgment declaring that the June 3, 2010 DRAFT 'Development and Distribution Agreement' does not constitute a binding contract," and "a judgment declaring that Shuffle Tech's only obligation to Wolff is to refund $124,940 advanced to Shuffle Tech as earnest money pursuant to the June 3, 2010, Letter of Intent." Second Am. Cmplt. ¶ 28 C. [DN 16]. Having prevailed at summary judgment on the claim in

which it sought this relief, Shuffle Tech now seeks to avoid the consequences of its victory, arguing that it has certain "defenses" to defendant's "claim" for a return of the earnest money. This argument is frivolous. Plaintiff's obligation to repay the earnest money arises not out of any claim by defendant, but out of plaintiff's own claim for declaratory relief. If all plaintiff wanted out of this action was a declaration that it was not bound by the Draft Agreement, it could have limited its declaratory claim to that issue and remained silent about any obligations it believed it had under the Letter of Intent. It did not. Instead, plaintiff invoked the court's authority to declare specifically that it was obligated to return the earnest money.

Plaintiff's claim also constitutes a judicial admission negating any "defenses" it now claims to have. *Soo Line R. Co. v. St. Louis Southwestern Ry. Co.*, 125 F.3d 481, 483 (7th Cir. 1997) ("A plaintiff can 'plead himself out of court by alleging facts which show that he has no claim, even though he was not required to allege those facts. … [J]udicial efficiency demands that a party not be allowed to controvert what it has already unequivocally told a court by the most formal and considered means possible.")

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: November 15, 2013