IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SHUFFLE TECH INTERNATIONAL LLC, an Illinois limited liability company,<br>        Plaintiff,<br>v.<br>WOLFF GAMING, INC.,<br>A Colorado corporation,<br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.: 11-cv-07358<br><br>Hon. Elaine E. Bucklo<br><br>Magistrate Judge Young B. Kim |
| WOLFF GAMING, INC., a Colorado corporation,<br>        Counter-Plaintiff,<br>v.<br>SHUFFLE TECH INTERNATIONAL LLC, an Illinois limited liability company, and RICHARD J. SCHULTZ,<br>        Counter-Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |

**MOTION FOR ORDER OF SATISFACTION OF JUDGMENT**

Plaintiff Shuffle Tech International LLC ("Shuffle Tech"), by its attorney, Jeffrey Rosenberg, and for its Motion for Order of Satisfaction of Judgment, states as follows:

**I.    Introduction**

On November 15, 2013, this Court granted judgment in the amount of $124,970 in favor of Wolff Gaming ("Wolff") against Shuffle Tech ("the Shuffle Tech Judgment"). (Dkt. #130). On November 27, 2013 and July 28, 2014, respectively, citations to discover assets were issued to Shuffle Tech by Wolff's third party judgment creditor Western Money Systems ("Western Money"), and then a judgment order was entered against Shuffle Tech and in favor of Western Money for the Shuffle Tech Judgment by the Cook County Circuit Court on September 11, 2014. The citations and the judgment order are valid orders that require payment of the Shuffle Tech

1

Judgment to Western Money in lieu of Wolff.  Shuffle Tech was not permitted to disregard the Citations and the Cook County order and pay the Shuffle Tech Judgment directly to Wolff.

There is no actual conflict between the order of this Court which requires Shuffle Tech to pay $124,970 to Wolff, and the subsequent judgment order of the Cook County Circuit Court which requires Shuffle Tech to pay that same $124,970 to Western Money instead of Wolff to partially satisfy Wolff's $266,700.12 judgment debt to Western Money, and thus reduce Wolff's liability to Western Money by the same $124,970.  Wolff appears to be taking the opposite position, arguing that the Western Money citation and subsequent proceedings by Western Money against Wolff in Cook County are somehow irrelevant, that Shuffle Tech should have ignored the citation to discover assets issued upon it and that Shuffle Tech should somehow be found in contempt of this Court for its failure to pay a money judgment to Wolff – a judgment that Shuffle Tech had no assets to satisfy regardless of the Western Money actions.

Shuffle Tech therefore seeks affirmation that Shuffle Tech's compliance with the Citations and the Cook County order to pay the Shuffle Tech Judgment to Western Money was not only mandatory, but also consistent with this Court's order to pay the Shuffle Tech Judgment to Wolff.  Further, Shuffle Tech asks this Court to find that because Wolff has received the benefit of the debt reduction (the Western Money Judgment principal due from Wolff having been reduced by $124,970, from $266,700 to $141,730), and because Shuffle Tech is now liable to Western Money with a recorded judgment in the amount of $124,970 enforceable by the Cook County Circuit Court, Shuffle Tech has satisfied its obligation to Wolff in this Court, and an Order of Satisfaction of Judgment may be entered by this Court.

## II. The Citations and the Cook County Circuit Court Order

In its Motion, Wolff asserts that Shuffle Tech has not paid the Shuffle Tech Judgment debt, which would have been due on/about December 1, 2013, directly to Wolff. However, Wolff has failed to inform this Court of several salient facts. First, a judgment was entered against Wolff on March 15, 2013 in the amount of $266,700 in the District Court, Denver County, Colorado and was registered as a foreign judgment in Illinois on November 26, 2013. (See Foreign Judgment Registration, attached hereto as Exhibit 1). Second, on November 27, 2013, several days before payment was due, Shuffle Tech (and Wolff) were served with an initial Citation for Discover Assets To A Third Party ("First Citation") by third party judgment creditor Western Money. (A copy of the First Citation is attached hereto as Exhibit 2). The First Citation was also served on Wolff by personal service on January 29, 2014. (Affidavit of Special Process Sever is attached hereto as Exhibit 3).

The citation instantly prohibited Shuffle Tech from disbursing any money to Wolff, pending the hearing on the matter in the Cook County Circuit Court.[1] Shuffle Tech answered the First Citation on December 6, 2013, attaching this Court's Order of November 15, 2013 and stating that a judgment in the amount of $124,940 was entered against Shuffle Tech and in favor of Wolff. (A copy of the Answer to the First Citation is attached hereto as Exhibit 4). Upon information and belief, Western Money was unsuccessful in collecting any payment directly from Wolff.

After the Seventh Circuit affirmed the Shuffle Tech Judgment on July 9, 2014, Western Money issued a second citation to Shuffle Tech on July 28, 2014 ("Second Citation"). (A copy of the Second Citation is attached as Exhibit 5). A hearing on the Second Citation was held on

---

[1] Pursuant to the language of the citation, Shuffle Tech could only pay Wolff any amount due to Wolff that exceeded double the amount of the Western Money Judgment.

September 11, 2014 in the Circuit Court of Cook County, and Judge Alexander White entered an Order and a memorandum of judgment requiring Shuffle Tech to pay the Shuffle Tech Judgment to Western Money instead of Wolff as partial satisfaction of Wolff's judgment debt to Western Money. Specifically, Judge White ordered:

> "This matter [2nd Citation] being before the Court on status, Western Money and Shuffle Tech being represented through counsel, notice having been given to Wolff Gaming, and the court being fully advised of the premises, it is hereby ORDERED: A memorandum of judgment is entered in favor of Western Money Systems against Shuffle Tech for $124,940.00 due to Western Money. Further, the hearing for proposed order on 9/29 is stricken."

(A copy of the September 11, 2014 Order is attached as Exhibit 6). Judge White simultaneously entered a Memorandum of Judgment in the amount of $124,970 on September 11, 2014, which was recorded on September 12, 2014 by the Cook County Recorder of Deeds as Doc. 1425534075. (A copy of the September 11, 2014 memorandum is attached as Exhibit 7).

Thus, Judge White transferred the Shuffle Tech Judgment from Wolff to Western Money, and correspondingly reduced the principal amount of Wolff's judgment to Western Money from $266,700 to $141,730. The Shuffle Tech Judgment is now the property of Western Money, perfected by a lien filed in Cook County, and enforceable in the Cook County Circuit Court by Western Money.

Although Wolff did not appear at the hearing on the Second Citation, Judge White found that Wolff had received notice of the proceedings. (See, Ex. 6). Upon information and belief, Wolff has never challenged the authority of the Cook County Circuit Court to issue the First or Second Citation.

### III. A Citation To Discover Assets To A Third Party is Binding

In Illinois, a citation creates a lien. 735 ILCS 5/2–1402(m). Section 5/2–1402(m) provides that a citation to discover assets creates a lien on all "nonexempt personal property, including money, choses in action, and effects of the judgment debtor". Paragraph (1) adds that this includes "all personal property belonging to the judgment debtor in the possession or control of the judgment debtor or which may thereafter be acquired or come due to the judgment debtor". Whether characterized as a receivable or a chose in action, the Shuffle Tech Judgment was "personal property" of Wolff Gaming at the time of the Judgment on November 15, 2013 and when the First Citation issued on November 27, 2013.

It is well established that when a third party receives a citation from a judgment creditor to discover assets of a judgment debtor, the third party is prohibited from releasing any assets belonging to the judgment debtor pending further orders of the court. The statutory language of the First and Second Citations to Shuffle Tech is clear:

> "**YOU ARE PROHIBITED** from making or allowing any transfer or other disposition of, or interfering with, any property not exempt from the enforcement of a judgment, a deduction order or garnishment, properly belonging to the Judgment Debtor, or to which the Judgment Debtor may be entitled…" [Original Emphasis]. (See Exhibits 2 and 5).

Further:

> "**WARNING:** Your failure to comply with the citation proceeding may result in a judgment being entered against you for the unsatisfied amount of the judgment. 735 ILCS 5/2-1402." (See Exhibits 2 and 5).

### IV. Shuffle Tech Unable To Pay Any Party At The Present Time

Regardless of the effect of the judgment or the citations, since at least November 2013, Shuffle Tech has been unable to pay the Shuffle Tech Judgment to either Western Money or Wolff Gaming, and likewise Shuffle Tech does not possess funds that can be deposited with the

clerk of this Court for any party's benefit. Although this is not relevant to the issue of which party is entitled to receive funds when Shuffle Tech is eventually able to pay, it is relevant to the issue of any order requiring Shuffle Tech to deposit the funds with the clerk or any other third party pending resolution of any dispute between Western Money and Wolff, and any attempt by Wolff to have Shuffle Tech found in contempt for non-payment of the Shuffle Tech Judgment.

Shuffle Tech's inability to pay a judgment should not subject it to sanctions or contempt. If there were no citations, Wolff should be required to execute its judgment pursuant to Federal Rule of Civil Procedure 69, which requires complying with the collection procedures of Illinois, as Western Money did. Any inability by Shuffle Tech to pay would not subject it to contempt or sanctions. In any event, Western Money should be the only party with standing to enforce the Shuffle Tech Judgment, and it has not asked any court to hold Shuffle Tech in contempt for non-payment.

For the benefit of the Court, Shuffle Tech is a very small business, not a large company, which is in the business of designing, developing, and manufacturing automatic playing card shuffling machines for use by private consumers. (See, Affidavit of Rick Schultz, attached as Exhibit 8, ¶3). Shuffle Tech's business of selling shuffling machines to private consumers generates approximately $350,000 per year in total revenue. (*Id*. at ¶4). Shuffle Tech employs two persons (its Manager, Richard Schultz, and its Founder, Hiro Toyama, both part owners of the limited liability company) to operate its consumer shuffler business, outsources manufacturing and shipping functions to various third parties, operates from a small office in Chicago that rents for $625/month (since June 2010), and has never produced an annual profit. (*Id*. at ¶5). For manufacturing and sale of automatic card shuffling machines to licensed gaming venues (i.e. casinos), Shuffle Tech's card shuffling machine technology is licensed to Poydras-

Talrick Holdings LLC ("Poydras-Talrick"), and sub-licensed to Digideal Corporation ("Digideal"), pursuant to a license agreement executed in September 2012 and amended in July 2013. (*Id*. at ¶6). Due to a patent-infringement lawsuit filed in October 2012 by SHFL Entertainment, Inc. ("SHFL") against Shuffle Tech's sub-licensee Digideal U.S. District Court in Nevada, Digideal has failed to sell any automatic card shuffling machines under the license and failed to pay any royalties to Shuffle Tech Licensee Poydras-Talrick or to Shuffle Tech itself, and Shuffle Tech has received no royalties since an advance royalty of $500,000 was paid in September 2012. (*Id*. at ¶7). The Nevada patent infringement case is SHFL Entertainment, Inc. v. Digideal Corporation, Case 2:12-CV-01782-GMN-VCF. Shuffle Tech and its licensee Poydras-Talrick are not parties to that lawsuit, but are named as interested parties at Doc. 69. (*Id*. at ¶8). Digideal and Shuffle Tech initiated ex-parte re-examination by the U.S. Patent & Trademark Office of the SHFL patents asserted against Digideal on January 2, 2014, and in view of previously undisclosed prior art, the USPTO has rejected all SHFL claims asserted against Digideal.[2] *USPTO Serial Numbers 90/013,111 and 90/013,112*. On April 17, 2014, SHFL and Digideal entered into a stipulated stay of litigation pending the outcome of ex-parte re-examination, entered by the Nevada District Court at Doc. 101. A condition of the stipulated stay of litigation is that Digideal may not manufacture, use, or sell the accused device (i.e. the particular shuffler using Shuffle Tech's technology) until the stay is lifted. (*Id*. at ¶9). Without income from licensing technology for use in casinos, Shuffle Tech has no revenue other than from sales of "consumer" shufflers, which produce no profit. Shuffle Tech cannot predict when, or if, it will be able to generate any revenue from licensing of its technology for use in casinos.

---

[2] Per standard USPTO procedure, the initial rejections of the contested SHFL are non-final rejections; SHFL bears the burden of proving error by the USPTO or amending their claims to overcome prior art.

(*Id*. at ¶10). Shuffle Tech has no assets that are not pledged as collateral to secured creditors. (*Id*. at ¶11).

Consequently, Shuffle Tech cannot immediately pay the Shuffle Tech Judgment amount to any party or deposit funds with the clerk of court, and even if it could, any such payments would be subject to the rights of Shuffle Tech's secured creditors.

**V.    Conclusion**

The citations and the Cook County order prohibited Shuffle Tech from paying the proceeds of the Shuffle Tech Judgment directly to Wolff Gaming anytime after November 27, 2013. Moreover, Wolff Gaming has received the entire value that it is entitled to receive. The judgment order effectively transferred the Shuffle Tech Judgment in the amount of $124,970 to Wolff's own judgment creditor Western Money, and reduced Wolff's debt to Western Money by that same amount. This Court should therefore find that Shuffle Tech's judgment to Wolff has been satisfied, and enter an Order of Satisfaction of Judgment in favor of Shuffle Tech. This Court should further find that the Shuffle Tech Judgment was awarded to Western Money by the Cook County Circuit Court, and perfected by a lien recorded in Cook County, and that the judgment is now enforceable by Western Money in the Cook County Circuit Court.

WHEREFORE, Plaintiff/Counter-Defendant Shuffle Tech International LLC requests that this Court enter:

1. An Order of Satisfaction of Judgment in favor of Shuffle Tech International LLC;
2. An Order vacating any prior Order(s) requiring Shuffle Tech to deposit funds with the clerk of court; and
3. For any other equitable and just relief.

SHUFFLE TECH INTERNATIONAL, LLC

By: *S/Jeffrey R. Rosenberg*
Jeffrey R. Rosenberg (ARDC #6243770)
O'Halloran Kosoff Geitner & Cook, LLC
650 Dundee Road, Suite 475
Northbrook, Illinois 60062
Telephone: (847) 291-0200
E-mail: jrosenberg@okgc.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHUFFLE TECH INTERNATIONAL LLC, )<br>an Illinois limited liability company, )<br>               Plaintiff, )<br> )<br>v. )<br> )<br>WOLFF GAMING, INC., )<br>A Colorado corporation, )<br>               Defendant. ) | Case No.: 11-cv-07358<br><br>Hon. Elaine E. Bucklo<br><br>Magistrate Judge Young B. Kim |
| WOLFF GAMING, INC., )<br>a Colorado corporation, )<br>               Counter-Plaintiff, )<br> )<br>v. )<br> )<br>SHUFFLE TECH INTERNATIONAL LLC, )<br>an Illinois limited liability company, and )<br>RICHARD J. SCHULTZ, )<br>               Counter-Defendants. ) | |

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 24, 2014, I electronically filed Plaintiff's motion for Order of Satisfaction of Judgment with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

    Peter Ordower
    Law Offices of Peter Ordower
    10 South LaSalle Street, Suite 3500
    Chicago, IL 60603
    *lawfocus@msn.com*

                                                SHUFFLE TECH INTERNATIONAL LLC

                                                By:    *s/Jeffrey R. Rosenberg*
                                                Jeffrey R. Rosenberg # 6243770
                                                O'Halloran, Kosoff, Geitner & Cook, LLC.
                                                650 Dundee Road, Suite 475
                                                Northbrook, Illinois 60062
                                                Telephone: (847) 291-0200
                                                E-mail:  jrosenberg@okgc.com